IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

     Petitioner,

v.                                                                          No. 2:23-cv-809 KG/GJF

RONALD MARTINEZ, and
HECTOR BALDERAS, Attorney General
of the State of New Mexico,

     Respondents.

<u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Petitioner Bryce Franklin's Petition Under 28

U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) (Petition), filed

September 18, 2023.  Petitioner is a prisoner, is proceeding *pro se*, and paid the $5.00 habeas

filing fee.  Petitioner brings the following two claims against Respondents based on a 2015 New

Mexico Corrections Department disciplinary conviction (Misconduct Report #NE-15-02-285):

(1) Denial of Due Process Right to Present Documentary Evidence; and (2) Double Jeopardy.

(Doc. 1) at 2, 4.  The Court previously directed Petitioner to show cause why this Section 2241

proceeding should not be dismissed under 28 U.S.C. § 2244(a) as successive and/or abusive.  *See*

(Doc. 4).  Because Petitioner's responses do not overcome the statutory bar, the Court will

dismiss the Petition without prejudice.

I.     Background

This case involves Petitioner's second challenge to New Mexico Corrections Department

(NMCD) disciplinary conviction Misconduct Report #NE-15-02-285, in which he was convicted

of Attempted Possession or Use of Dangerous Drugs, and Attempt to Introduce Drugs Into a Place of Imprisonment. (Doc. 1) at 1. Petitioner brings two claims: (1) Denial of Due Process Right to Present Documentary Evidence; and (2) Double Jeopardy. *Id.* at 2, 4. In support of his first claim, Petitioner states he "lost over two years of good time based on an alleged letter [he] authored." *Id.* at 2. He alleges "[t]he letter was not produced and instead his conviction was based solely on the inmate misconduct report," and "[t]he letter was misinterpreted, misquoted and taken out of context." *Id.* Petitioner contends he "was denied due process because the letter was not provided so [he] could refute the inmate misconduct report." *Id.* In support of his second claim, Petitioner states his disciplinary convictions for Attempting to Introduce Drugs Into a Place of Imprisonment and Attempting to Possess Drugs "constitute[] double jeopardy" because "[t]he second charge is a predicate of the first charge." *Id.* at 4. For relief, Petitioner asks the Court to: "Expunge the inmate misconduct report and restore loss of all good time." *Id.* at 8. Petitioner acknowledges that he previously filed a habeas petition in this Court regarding the same disciplinary conviction. *Id.* at 6 (identifying Case No. 1:18-cv-413 JCH/KRS).

Petitioner appealed both grounds for relief to the New Mexico Third Judicial District Court by filing a petition for writ of habeas corpus in Case No. D-307-CV-2022-01748. *Id.* at 3-4. The state district court dismissed the habeas corpus petition, noting that Petitioner challenged the same disciplinary conviction, Misconduct Report #NE-15-02-285, in two prior habeas petitions, both of which were dismissed. *See* Order Dismissing Petition for Writ of Habeas Corpus, dated February 2, 2023, filed in No. D-307-CV-2022-01748.[1] The state district court

---

[1] The Court has reviewed the official record in Petitioner's state court proceedings through the New Mexico Supreme Court's re:SearchNM website, and it takes judicial notice of the official New Mexico court records in D-307-CV-2022-01748 and S-1-SC-39757. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (The Court may take judicial notice of

dismissed the habeas petition because Petitioner did not a establish a basis for successive review under Rule 5-802(B)(6) NMRA, there was no fundamental error below, there was an adequate record to address the claim properly at the time of the prior petition, and there was no relevant intervening law or fact. *Id.* Petitioner appealed the dismissal of his state habeas petition to the New Mexico Supreme Court, and the New Mexico Supreme Court denied a petition for writ of certiorari. *See* Order Denying Writ of Certiorari, dated March 28, 2023, filed in Case No. S-1-SC-39757.

On October 24, 2024, the Court entered a Memorandum Opinion and Order explaining that Petitioner's first claim appears to be successive, and therefore barred by 28 U.S.C. § 2244(a), because it is identical to claims previously raised and rejected on the merits in Case No. 1:18-cv-413 JCH/KRS. *See* (Doc. 4) at 4-6 (Screening MOO). The Court further explained that Petitioner's second claim appears to be barred as abusive because it could have been raised in his previous Section 2241 petition. *Id.* at 6. The Court set forth the legal standard for overcoming the statutory bar on hearing successive and abusive claims and directed Petitioner to show cause why the Court should not dismiss his Section 2241 claims as successive and/or abusive. *Id.* at 6-8.

Petitioner filed a Response to the Screening MOO. (Doc. 5). Petitioner argues that he overcomes the bar on hearing a successive claim because he did not have adequate access to legal resources and because there is a factual dispute as to whether the letter was produced at the

---

publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie*, 2006 WL 2792671 (W.D. Okla. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter*, 2003 WL 22422416 (10th Cir. 2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

disciplinary proceedings. (Doc. 5) at 2-3. Petitioner further argues he is "innocent of the charge," and the letter was wrongly withheld during the proceedings. *Id.* at 3-4. He asserts his second claim is not abusive because he did not know of the specific legal or factual grounds for the claim when he filed the Petition. *Id.* at 5-6.

II.    Legal Standard

As explained in the Screening MOO, 28 U.S.C. § 2244(a) provides that the Court need not entertain a habeas corpus application pursuant to Section 2241 "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." This statutory bar applies both to successive claims that actually were raised in the prior petition, as well as abusive claims that could have been raised in the prior petition but were not. *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010); *Pinson v. Berkebile*, 601 F. App'x 611, 614 (10th Cir. 2015) (noting "§ 2244(a) applies to § 2241 petitions" challenging prison disciplinary proceedings); *Schlup v. Delo*, 513 U.S. 298, 319 n.34 (1995) (explaining a successive application raises claims identical to those raised and rejected on the merits in a prior application, and an abusive application raises new claims that were available but were not raised in a prior application). A court may decline to consider a successive claim, "unless hearing the claim would serve the ends of justice." *Graewe v. English*, 796 F. App'x 492, 496 (10th Cir. 2019) (unpublished) (citing *Stanko*, 617 F.3d at 1269). A court may decline to consider an abusive claim, unless the petitioner demonstrates that "the omission was not the result of inexcusable neglect." *Id.* (citing *Stanko*, 617 F.3d at 1271). Although the court may raise the statutory bar *sua sponte*, the

petitioner must be given notice and an opportunity to respond at least with respect to abusive

claims.  *See Stanko*, 617 F.3d at 1271.[2]

III.    Discussion

A.  Petitioner's First Claim: Exclusion of Letter

Petitioner's first claim is titled "Denial of Due Process Right to Present Documentary

Evidence."  (Doc. 1) at 2.  He contends that the loss of his good time credits was based on a letter

he allegedly authored, but "[t]he letter was not produced and [the] conviction was based solely

on the inmate misconduct report."  *Id.*  He states the "letter was misinterpreted, misquoted and

taken out of context," and he was denied due process because the letter was not provided to him.

*Id.*

This claim was considered by this court in Petitioner's earlier Section 2241 petition in

Case No. 1:18-cv-413 JCH/KRS.  The Court considered and dismissed the claim as follows:

> Franklin's argument that he was denied due process because he
> wasn't allowed to inspect or possess a copy of his letter also fails.
> The record does not support Franklin's claim that he was not
> allowed to inspect the letter.  The original letter was available for
> his review and use at the hearing and Franklin admitted that he
> knew its contents.  (Doc. 1 at 24-25).  Franklin was not permitted
> to possess a copy of the letter because his possession of a copy
> would constitute a security risk.  (Doc. 1 at 17).  Prison officials
> may properly restrict evidence where good cause exists in order to
> protect the security of the facility.  *See Wolff v. McDonnell*, 418
> U.S. 539, 559 (1974) (prison may restrict confrontation of
> witnesses where good cause exists).  Because the original letter
> was available during the proceedings, Franklin was not denied due

---

[2] Section 2244(b) requires that before this Court may consider a second or successive Section 2254 habeas petition, Petitioner "shall move in the [Tenth Circuit] for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A).  But Tenth Circuit authorization is not needed for second or successive Section 2241 habeas petitions.  *Stanko*, 617 F.3d at 1269 n.5 ("Habeas petitions brought under § 2241 are not mentioned anywhere in § 2244(b).  Accordingly, the requirement for prior circuit authorization contained in § 2244(b)(3) does not apply to habeas petitions brought under § 2241.").

process by the restrictions on his inspection and possession of a copy of the letter.

Franklin's contention that there is no evidence to support the decision is also without merit. Lt. Harbour provided testimony regarding the inspection and contents of the letter and the circumstances leading to the charges. (Doc. 1 at 17, 24-25). Franklin does not dispute that he wrote the letter or the contents of the letter. He admits being the author and knowing the contents of the letter. (Doc. 1 at 17). Instead, he claims that Lt. Harbour's interpretation of the letter is incorrect and presents his own story regarding the interpretation of the letter. Franklin argues that, because Lt. Harbour's interpretation is not supported by documentary evidence, that it amounts to speculation. (Doc. 1 at 17). Franklin's contention is incorrect. Lt. Harbour's testimony constitutes evidence to support the disciplinary decision. … It was for the hearing officer to determine the credibility of Lt. Harbour and Franklin and decide which version to accept. Neither the state court nor this Court should revisit the hearing officer's credibility determinations. *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974). The disciplinary decision is supported by sufficient evidence to meet due process requirements. *Wolff*, 418 U.S. 539 at 562-563, 567-569.

Memorandum Opinion and Order, dated September 24, 2020, at 8-9 (Doc. 26, filed in Case No.

1:18-cv-413 JCH/KRS).

The district court's decision regarding Plaintiff's due process claim was affirmed by the

Tenth Circuit Court of Appeals, which stated:

Assuming, as Mr. Franklin alleges, that he was not permitted access to the letter, Mr. Franklin has not established any prejudice from this limitation on the evidence accessible to him before and during the disciplinary hearing. First, Mr. Franklin was the author of the letter, making him obviously familiar with the letter's contents. Second, records from the prison disciplinary hearing indicate the letter was part of the evidentiary record, and Mr. Franklin never squarely contests this proposition. Third, and most important, the outcome of Mr. Franklin's disciplinary hearing hinged on a single discreet issue: whether "orange mana" referred to Suboxone or to a Magic card. Mr. Franklin was permitted a full and fair opportunity to present evidence on this matter—e.g. calling a fellow prisoner as a witness, presenting Magic cards or

> pictures of Magic cards, showing his tattoo to the hearing officer.
> Ultimately, however, the hearing officer rejected Mr. Franklin's
> contention that "orange mana" was a reference to a Magic card.
> And Mr. Franklin does not explain how his ability to view the
> letter would have strengthened his argument that "orange mana"
> referred to a Magic card.  Therefore, given the discreet nature of
> the issue before the hearing officer, we hold no reasonable jurist
> could determine Mr. Franklin has demonstrated that he was
> prejudiced by the prison's alleged failure to produce the letter.
> Accordingly, we deny a COA on this issue.

Order Granting in Part and Denying in Part a Certificate of Appealability and Affirming in Part

and Dismissing in Part, dated October 6, 2021, at 9-10, (filed in Appellate Case No. 20-2155).

 Accordingly, Petitioner's first claim is identical to the claim that was previously raised

and rejected on the merits in his earlier Section 2241 petition.  As explained in the Screening

MOO, a court may decline to consider a successive claim that was raised in a prior habeas

application "unless hearing the claim would serve the ends of justice."  *Graewe*, 796 F. App'x at

496.  To demonstrate that consideration of a successive habeas claim "would serve the ends of

justice," a petitioner "must make a colorable showing of factual innocence."  *Mays v. Carter*,

2022 WL 6616350, at \*1 (10th Cir. 2022) (quoting *McClesky v. Zant*, 499 U.S. 467, 495 (1991)).

To make a colorable showing of factual innocence, a petitioner must "support his allegations of

constitutional error with new reliable evidence—whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."

*Schlup*, 513 U.S. at 324.  "Simply maintaining one's innocence" and "casting doubt on witness

credibility" do not establish actual innocence.  *Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir.

2014).

 Petitioner contends the Court should address this claim on the merits because he did not

have adequate access to a law library, there is a factual dispute about whether the letter was

produced, and the letter was wrongly withheld from him during the disciplinary proceedings.
(Doc. 5) at 2-3. He states he is innocent of the charges and that review of the letter would
support this finding. *Id.* at 4.

Petitioner does not make a colorable showing of factual innocence. As the court
explained in Petitioner's previous Section 2241 proceeding, Petitioner knew the contents of the
letter, the letter was available during the disciplinary proceedings, and Petitioner was not denied
due process by restrictions on his inspection and possession of the letter. *See* Memorandum
Opinion and Order, dated September 24, 2020, at 8-9 (Doc. 26, filed in Case No. 1:18-cv-413
JCH/KRS); *see also Wolf*, 418 U.S. at 556 ("Prison disciplinary proceedings are not part of a
criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not
apply."); *Ponte v. Real*, 471 U.S. 491, 495 (1985) (A prisoner's right to evidence in disciplinary
proceedings is "necessarily circumscribed by the penological need to provide swift discipline in
individual cases."). Moreover, both the District Court and Tenth Circuit Court of Appeals held
there was sufficient evidence to support the disciplinary decision and Petitioner did not establish
any prejudice from limitation on the evidence accessible to him. *See* Memorandum Opinion and
Order, dated September 24, 2020, at 8-9 (Doc. 26, filed in Case No. 1:18-cv-413 JCH/KRS), and
Order Granting in Part and Denying in Part a Certificate of Appealability and Affirming in Part
and Dismissing in Part, dated October 6, 2021, at 9-10, (filed in Appellate Case No. 20-2155).

Petitioner's assertions about lack of access to a law library and that the letter was
improperly withheld are not sufficient to make a colorable showing of factual innocence. *See
Schlup*, 513 U.S. at 324 (To make a colorable showing of factual innocence, a petitioner must
"support his allegations of constitutional error with new reliable evidence—whether it be
exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—

8

that was not presented at trial."). Petitioner does not present any new evidence. Instead, he maintains his innocence and theorizes that access to the letter would support his assertion. Petitioner therefore fails to establish that reconsidering this successive claim would serve the ends of justice. *See Frost*, 749 F.3d at 1232 ("Simply maintaining one's innocence" and "casting doubt on witness credibility" do not establish actual innocence."); *Craig v. True*, 2023 WL 11862212, at *5 (D. Colo.) ("The Court is not persuaded by his arguments. In essence, Mr. Craig is unhappy with the decision of the District Court for the Eastern District of Kentucky and wants this Court and the Tenth Circuit to reconsider his claim. Just because Mr. Craig thinks the Eastern District of Kentucky's decision was 'wrong,' does not entitle him to have this Court review the same claim."). Consequently, this claim is barred as successive.

B. Petitioner's Second Claim: Double Jeopardy

Petitioner's second claim is that his conviction on the charges of Attempting to Introduce Drugs Into a Place of Imprisonment, and Attempting to Possess Drugs, violates the prohibition on double jeopardy because "[t]he second charge is a predicate of the first charge." (Doc. 1) at 4. This claim was not raised in Petitioner's previous Section 2241 petition.

As explained in the Screening MOO, "if a second or subsequent petition raises a claim that could have been raised in an earlier petition, the petitioner must establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim." *Zaring v. Davis*, 510 F. App'x 766, 768 (10th Cir. Feb. 13, 2013) (unpublished) (quoting *Stanko*, 617 F.3d at 1271). "The same standards that govern procedural default determinations govern inexcusable neglect determinations: the petitioner must establish cause for his failure to raise the claim in an earlier proceeding and resulting prejudice, or, in the absence of cause, the petitioner must show that a fundamental miscarriage of justice would result from a failure to entertain the claim."

9

*Stanko*, 617 F.3d at 1271 (citing *McClesky*, 499 U.S. at 489, 493-95). To demonstrate cause, a petitioner must show that some objective factor impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Habeas petitioners may not choose to withhold claims for disposition in later proceedings, and even negligence in discovering a claim will not excuse a delay. Instead, a petitioner must show that his efforts to raise the claim at earlier stages were 'impeded' by 'some objective factor external to the defense,' for example, where 'the factual or legal basis for a claim was not reasonably available to counsel' during earlier proceedings." *Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2001) (quoting *McClesky*, 499 U.S. at 493-94). "The standard is an objective one, asking not what a particular attorney or pro se petitioner actually knew but whether the claim was 'reasonably available' upon diligent inquiry." *Id.* (quoting *McCleskey*, 499 U.S. at 494).

If Petitioner demonstrates cause, he must also show "actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This requires a showing that Petitioner suffered an actual and substantial disadvantage as a result of the alleged violation. *See United States v. Frady*, 456 U.S. 152, 170 (1982); *Jones v. State of Kansas*, 2005 WL 2035044, at *1 (D. Kan. Aug. 23, 2005) (unpublished). Alternatively, Petitioner must demonstrate a fundamental miscarriage of justice, which occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice to overcome a procedural default. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Petitioner contends he "had no way of knowing about" the double jeopardy claim when he filed his first Section 2241 petition due to lack of adequate legal resources and because he

10

only later obtained a copy of the NMCD Standard Disciplinary Offense Handbook, which

prohibits punishing inmates for lesser included offenses. (Doc. 5) at 5. Petitioners must

"conduct a reasonable and diligent investigation aimed at including all relevant claims and

grounds for relief in the first federal habeas petition." *McClesky*, 499 U.S. at 498. Moreover,

"[h]abeas petitioners may not choose to withhold claims for disposition in later proceedings, and

even negligence in discovering a claim will not excuse a delay." *Daniels*, 254 F.3d at 1190.

Petitioner fails to explain how his lack of access to additional legal materials or the NMCD

Handbook kept him from discovering his double jeopardy claim. Petitioner knew what

disciplinary charges were brought against him, and he does not allege complete lack of access to

legal materials. Petitioner's conclusory allegations about lack of information are not sufficient to

show cause for failure to raise the claim in his previous habeas petition. *See Jackson v.

Champion*, 13 F.3d 405, *2 (10th Cir. 1993) (holding petitioner's allegations of inadequate law

library and legal assistance are insufficient to show cause for failure to raise claims in his first

habeas petition). Petitioner fails to show an objective, external factor that impeded his ability to

raise the claim in his previous Section 2241 proceeding and, therefore, fails to establish cause for

failing to raise the claim.

Even if Petitioner can demonstrate cause for failing to raise his double jeopardy claim in

his previous Section 2241 proceeding, he must also establish actual prejudice. Actual prejudice

requires a showing that the petitioner suffered actual and substantial disadvantage as a result of

the alleged violation. *See Frady*, 456 U.S. at 170. This requires a showing "not merely that the

errors at ... trial created a possibility of prejudice, but that they worked to [defendant's] actual

and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."

*United States v. Bailey*, 286 F.3d 1219, 1223 (10th Cir. 2002) (quoting *Frady*, 456 U.S. at 170).

Petitioner cannot show actual prejudice from failing to raise his double jeopardy claim because the prison's alleged failure to follow its handbook is not a *per se* constitutional violation. *See Wolf*, 418 U.S. at 556 ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."); *see also Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) ("Keller has no cognizable claim arising from the prison's application of its regulations[, and] alleged departures from procedures outlined in the prison handbook [] have no bearing on his right to due process."). In addition, prison disciplinary sanctions "do not implicate double jeopardy protections." *Barlor v. Patton*, 681 F. App'x 674, 678 (10th Cir. 2017). The Tenth Circuit explains, "[b]ecause the Double Jeopardy clause only applies to proceedings that are 'essentially criminal' in nature, it is well established that prison disciplinary sanctions—such as administrative segregation—do not implicate double jeopardy protections." *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (citations omitted). Accordingly, Petitioner does not demonstrate any "error[s] of constitutional dimensions" and fails to establish prejudice.

For these reasons, Petitioner does not establish cause and resulting prejudice for his failure to raise his double jeopardy claim in his earlier Section 2241 proceeding. Petitioner also does not show that a fundamental miscarriage of justice would result from a failure to consider the claim because, for the same reasons stated above, he does not establish actual innocence. *See Murray*, 477 U.S. at 496 (A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."). Because Petitioner does not demonstrate cause and prejudice, or a fundamental miscarriage of justice, the Court concludes he has not established that failure to raise this claim was not the result of inexcusable neglect and the claim is barred as abusive under 28 U.S.C. § 2244(a).

12

IV.     Conclusion

For the reasons stated above, the Court concludes that the Petition (Doc. 1) challenging

Misconduct Report #NE-15-02-285 is barred as successive and abusive.  Petitioner has not

established that it would serve the ends of justice to reconsider his first claim, which is identical

to claims raised and rejected on the merits in a prior Section 2241 case, and Petitioner has not

demonstrated that omission of his second claim in his prior Section 2241 proceeding was not the

result of inexcusable neglect.  The Court will dismiss this case without prejudice because the

claims are statutorily barred as successive and abusive under 28 U.S.C. § 2244(a).  The Court

will also deny a certificate of appealability under Habeas Corpus Rule 11, as the statutory bar is

not reasonably debatable in this case.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

(certificate of appealability can only issue where "reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong").

IT IS THEREFORE ORDERED that:

1. Petitioner Bryce Franklin's Petition Under 28 U.S.C. § 2241 for Writ of Habeas

   Corpus by a Person in State Custody (Doc. 1) is DISMISSED without prejudice as

   raising successive and abusive claims;

2. A certificate of appealability is DENIED; and

3. A separate judgment will be entered closing this civil case.

/s/
KENNETH J. GONZALES[3]
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.

13